UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETE POLIS,<br><br>         Plaintiff,<br><br> v.<br><br>CORE CIVIC, *et al.*,<br><br>         Defendants. | Case No. 2:20-cv-01036-RFB-EJY<br><br>**ORDER** |

  On June 10, 2020, the Court issued an order directing Plaintiff Pete Polis to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or before July 10, 2020. (ECF No. 1 at 23). The July 10, 2020 deadline has now expired, and Plaintiff Polis has not filed an application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to the Court's order.

  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of

complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff Polis to file an application to proceed *in forma pauperis* or pay the full filing fee on or before July 10, 2020 expressly stated: "IT IS FURTHER ORDERED that Pete Polis … has until July 10, 2020, to either (1) pay the filing fee or (2) file a complete application to proceed *in forma pauperis*, including the

required financial documents, in his individual case.  If Polis … fails to do so, his action will be dismissed without prejudice."  Thus, Plaintiff Polis had adequate warning that dismissal would result from his noncompliance with the Court's order to file an application to proceed *in forma pauperis* or pay the full filing fee on or before July 10, 2020.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff Polis' failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's order dated June 10, 2020.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close this case.  No additional documents will be filed in this closed case.

DATED THIS 5th day of August, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE